330 P.2d 1016

In the Matter of the **ESTATE OF** Maude **K. BARLOW,** also known as Maude Karren Richards, also known as Maude K. Richards, deceased,

v.

Hoyt BREWSTER, Appellant.
In the Matter of the **ESTATE OF** Maude Karren RICHARDS, deceased,

v.

Hoyt BREWSTER, Appellant.
Sheldon R. BREWSTER, Audrey B. Bell, Hoyt Brewster, Kyle H. Brewster and Lael B. Egge, Plaintiffs and Respondents,

v.

William BARLOW et al., Defendants and Appellants.

Nos. 8682, 8683, 8825.

Supreme Court of Utah.

Oct. 30, 1958.

Nos. 8682, 8683:

McKay, Burton, McMillan & Richards, Macoy McMurray, Salt Lake City, for appellant.

Barclay & Barclay, Salt Lake City, for respondent.

No. 8825:

Barclay & Barclay, Salt Lake City, for appellants.

McKay, Burton, McMillan & Richards, Salt Lake City, for respondents.

WORTHEN, Justice.

Three actions were filed in the District Court of Salt Lake County. From the judgments entered appeals were taken and the cases were by order of this court consolidated on appeal.

On February 7, 1939, Ben S. Brewster and Maude Karren Richards entered into a written agreement to make reciprocal wills. On the same date said wills were executed. Ben S. Brewster in his will devised one-third of his property to Maude Karren Richards and named her a joint executrix. Maude Karren Richards devised her property to Ben S. Brewster and upon his death to his children naming Hoyt W. Brewster, son of Ben S. Brewster, executor.

In 1947 Ben S. Brewster died. His will was duly admitted to probate and Maude Karren Richards and Hoyt W. Brewster, son of Ben S. Brewster, acted jointly as executor and executrix. Maude Karren Richards received one-third of the assets of Ben S. Brewster's estate as provided for in his will and in the agreement herein mentioned.

Thereafter and on August 25, 1952, Maude Karren Richards married William Barlow. On September 20, 1952, she executed an olographic will revoking her reciprocal will. Maude Richards Barlow died January 20, 1956. On January 28, 1956, Hoyt W. Brewster filed a petition for the probate of the reciprocal will. On the same date a civil action was filed by the children of Ben S. Brewster against William Barlow seeking to have the court specifically enforce the agreement between Maude Karren Richards and Ben S. Brew-

ster dated February 7, 1939, which provided for the execution of reciprocal wills, and asking the court to require William Barlow, surviving husband of Maude Karren Richards, to turn over the assets of her estate and not to dispose of any property left by Maude Karren Richards which was owned by her or in which she had any interest. The court issued an order requiring William Barlow to appear and show cause why he should not be enjoined from attempting to dispose of any of the property which he had received from Maude Karren Richards which was owned by her from and after the date when the agreement for reciprocal wills was executed.

William Barlow answered the complaint in the civil action and filed objections to the petition of Hoyt W. Brewster for probate of the reciprocal will of Maude Karren Richards. Thereafter on February 14, 1956, William Barlow filed a petition for probate of the olographic will left by Maude Karren Barlow.

The court admitted the olographic will to probate, denied probate of the reciprocal will and upon motion of both sides for summary judgment granted specific performance of the provisions of the reciprocal will and agreement to make said wills. The court ordered William Barlow to deliver the assets to the plaintiffs (children of Ben S. Brewster) including all the proceeds received from insurance policies on the life of Maude Karren Richards, issued by the West Coast Life Insurance Company and the Businessmen's Assurance Company. The court also ordered defendant William Barlow to deliver to plaintiffs all money in any bank account, whether held solely or jointly in the name of Maude Karren Richards and specifically any and all moneys withdrawn by him from any such accounts since the death of Maude Karren Richards, *except as to any money contributed by William Barlow.* The defendant was also ordered to deliver to plaintiffs "all properties of any kind and nature located at the premises at 221 East Fourth South Street, Salt Lake City, Utah, *at the time of the death of the said Maude Karren Richards,* and any and all other personal or real property of any kind or nature whatsoever and wheresoever located *that are a part of the estate of Maude Karren Richards."* (Emphasis added.)

However the court ordered plaintiffs to hold in trust such part thereof as may be necessary to pay the creditors of Maude Karren Richards *and the expenses of her last illness and burial,* as may be determined by the court in probate case No. 38411, the action to probate the olographic will, and to further hold in trust one-sixth (⅙th) of the remainder of the said estate to Merton Karren, if he were living at the date of the death of the said Maude Karren Richards.

All parties appealed. Barlow appealed from the judgment of the court granting

specific performance. Hoyt W. Brewster appealed from the order denying the admission of the reciprocal will to probate and from the order admitting the olographic will to probate. We find no merit to any of these appeals.

Apparently the trial court took the position that the olographic will was the last and final declaration of Maude Richards and should be admitted to probate. Having determined that the olographic will was the last will and since the olographic will by its terms revoked and canceled all previous wills, the court necessarily concluded that the reciprocal will was not available for probate.

Nor can we quarrel with the determination by the trial court that plaintiffs are entitled to specific performance of the provisions of the reciprocal will and agreement. Barlow contends that there was a failure of consideration for the reciprocal will agreement. He bases this contention on a further contention that the will of Ben S. Brewster was revoked by his claimed subsequent marriage to Maude Karren Richards. We need not pass on these contentions for it is clear that any one claiming through Maude Karren Richards is estopped to attack the validity of the will of Ben S. Brewster. Maude Karren Richards acted as executrix thereof and received her distributive share thereunder. Barlow, acting as her executor, cannot now claim that the will of Ben S. Brewster was invalid.

As will be observed from the underlined language used herein, Barlow cannot complain of the judgment for plaintiffs in the specific performance action. He was awarded money contributed by him to the bank accounts. The property he was ordered to deliver was only the property "that constituted a part of *her estate*." Any property that he owned could not be affected. Likewise the expenses of last illness and burial as well as just claims of creditors were made available from the assets of her estate.

Judgments affirmed. No costs awarded.

CROCKETT, WADE and HENRIOD, JJ., concur.

McDONOUGH, C. J., concurs in the result.